IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 19 cv 1952 <br><br> Judge: <br><br> Magistrate Judge: |
| Plaintiffs, | ) ) ) ) | |
| v. <br> CHICAGO INTERIOR & DRYWALL, INC., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS TRUST FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Brian C. James, and ARNOLD AND

1

KADJAN, LLP, complain against Defendant CHICAGO INTERIOR & DRYWALL, INC., an Illinois corporation, as follows:

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS TRUST FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("The Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (The "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the

collective bargaining agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. Defendant CHICAGO INTERIOR & DRYWALL, INC. ("CHICAGO INTERIOR"), an Illinois corporation, is an employer engaged in an industry affecting commerce.

7. CHICAGO INTERIOR entered into a collective bargaining agreement ("Labor Agreement") with the Union on July 31, 2018 whereby CHICAGO INTERIOR agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. See Exhibit "1." CHICAGO INTERIOR also agreed to be bound to the Trust Agreements.

8. Pursuant to the provisions of the Labor Agreement and Trust Agreements, CHICAGO INTERIOR is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, CHICAGO INTERIOR is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

9. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, CHICAGO INTERIOR is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not CHICAGO INTERIOR is in compliance with its obligation to contribute to the Funds.

10. CHICAGO INTERIOR has failed to make contributions for certain work months: September, 2018 November, 2018, and January, 2019, and Plaintiffs, therefore, require an audit to determine the full extent of CHICAGO INTERIOR's non-compliance with its contribution

obligations to the Funds.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. That CHICAGO INTERIOR be ordered to produce reports, books and records for a fringe benefit Fund contribution compliance audit for the period from July 31, 2018 through the present;

B. Judgment be entered against CHICAGO INTERIOR and in favor of Plaintiffs, in the amount shown to be due based on the reports and audit;

C. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages, all as provided for by the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g)(2)

D. Such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    **TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

    By: /s/ James R. Anderson
        One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
**ARNOLD AND KADJAN, LLP**
35 E. Wacker Dr., Ste. 600
Chicago, Illinois 60601
(312) 236-0415

4